STATE, ex rel. MIDDLE STATES ASPHALT CORPORATION, a Corporation, Relator, v. NOBLE, Director of Highways, Respondent.

Ohio Appeals, Tenth District, Franklin County.

No. 5994. Decided September 30, 1958.

Kinder, Kinder & Kinder, Gordon D. Kinder, of Counsel, Martins Ferry, for relator.

William Saxbe, Atty. Genl., William G. Huggins, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, J.

The relator invokes the original jurisdiction of this court for the purpose of obtaining a writ of mandamus to compel the respondent, the Director of Highways of the State of Ohio, to requisition the Auditor of State for warrants in payments of the balance due upon a certain contract for the improvement of State Route 124 and also for certain extra work approved by the said director. The amount sought is a definite sum and it is also alleged that the work has been completed and the said highway opened to traffic.

To the petition an answer has been filed in which certain admissions are made, additional credits claimed and, based on these deductions, a final settlement is pleaded. It alleges "that by reason thereof the said claim set forth in the petition has been fully settled and satisfied, and there is nothing due the relator on the account thereof."

Now a motion is filed by the respondent seeking an order dismissing the action for the reason that the court has no jurisdiction of the subject matter, urging that the relator is seeking to enforce a "purely contract right." However, it appears to us that the relief sought is to compel the respondent to comply with certain provisions of §5525.19 R. C., which provides that the payments for expenses incurred in the construction of roads shall be made by the treasurer upon warrants of

514

the auditor and that the warrants shall issue upon the requisition of the Director of Highways. This statute expressly provides that

"The payment of the cost of the construction of such improvement shall be made at intervals of not more than one month, as the work progresses upon estimates made by the resident deputy director of highways in charge of such improvement, and upon approval of the director. Except as provided in this section, no payment by the state on account of a contract for any improvement under such sections and chapters shall, before the completion of said contract, exceed eighty-five per cent of the value of the work performed to the date of such payment, and fifteen per cent of the value of work performed shall be held until the final completion of the contract in accordance with the plans and specifications. * * * When a portion of a highway covered by a contract is completed and opened to traffic all retained percentages held in connection with such highway shall be released and paid to the contractor."

It, therefore, appears that the relator's claim is based upon the duty of respondent to do certain acts made mandatory by statute.

We find that the Supreme Court entertained a mandamus suit based on the provisions of a former version of the statutes involved here in The State, ex rel., v. Sours, Director, 145 Oh St 293. While relief was denied in this case, the court entertained jurisdiction but denied the writ because the evidence was in conflict as to whether the work had been done in accordance with specifications and not on any jurisdictional grounds.

It is our conclusion that the petition states a good cause of action and that the case should proceed to trial upon the pleadings which raised the factual question of payment.

A motion to dismiss will be overruled.

PETREE, PJ, BRYANT, J, concur.